**July 13, 2016**

In re Sheri Speer, No. 3:15-cv-1804 (RNC)

**ORDER**

     Bankruptcy debtor Sheri Speer, proceeding pro se, seeks review of a bankruptcy court order denying her motion to quash a subpoena issued by Seaport Capital Partners, LLC ("Seaport")to Bank of America, N.A., ("BOA") and an order denying reconsideration of that decision.  Seaport is the plaintiff in an adversary proceeding against Ms. Speer.  The subpoena it served on BOA sought production of documents related to bank accounts held by Ms. Speer and several non-debtor limited liability companies in which she might have an interest.  The question on appeal is whether the bankruptcy court abused its discretion in denying the motion to quash and adhering to that decision.  In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 68 (2d Cir. 2003) (denial of motion to quash subpoena reviewed for abuse of discretion); Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998) (denial of motion for reconsideration reviewed for abuse of discretion).

     The parties dispute whether Ms. Speer has standing to object to the production of the records at issue.  Ms. Speer's privacy interest in her financial information gives her standing to challenge the production of her own bank records.  Solow v. Conseco, Inc., No. 06 CIV. 5988 BSJTHK, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) ("[C]ourts have recognized that parties with a privacy interest in subpoenaed documents have standing to oppose the subpoena.").  But she does not have standing to challenge the production of documents related to the non-debtor LLCs.  Any claim of privilege with regard to those records belongs to the companies.  See Falato v. Fotografixusa, L.L.C., No. CIV.A. 09-5232 MAS, 2013 WL 1846807, at *4 (D.N.J. Apr. 30, 2013).

     Turning to the merits, Ms. Speer's primary argument is that Seaport failed to provide her with proper notice of the subpoena.  The parties dispute whether the applicable notice requirement is provided by Federal Rule of Civil Procedure 30 or 45.  It is unnecessary to address the parties' dispute because Ms. Speer has failed to show prejudice.  See Zinter Handling, Inc. v. Gen. Elec. Co., No. 04CV500(GLS/DRH), 2006 WL 3359317, at *2 (N.D.N.Y. Nov. 16, 2006)  ("[U]ntimely notice . . . does not automatically trigger quashing a subpoena without a consideration of prejudice to the aggrieved party.").  Ms. Speer contends that she has been prejudiced because Seaport's failure to give her prior notice of its issuance of the subpoena is part of a pattern of similar violations.  But the notice Ms. Speer received from Seaport was

sufficient to enable her to file a timely motion to quash.  This precludes a finding of prejudice.  Malinowski v. Wall St. Source, Inc., No. 09 CIV 9592 JGK JLC, 2010 WL 4967474, at *2 (S.D.N.Y. Nov. 23, 2010) ("[T]he intent of the prior notice requirement has been effectuated because Plaintiff has filed his motion to quash."); Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP, No. 03 CIV. 5560(RMB)HBP, 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008) (no prejudice when litigant objected to subpoena and filed motion to quash); Zinter, 2006 WL 3359317, at *2 (no prejudice when "[n]otice of the subpoenas was given within one day after their service, affording . . . adequate time to state . . . objections and move to quash.").

    Ms. Speer also argues that the subpoena is overly broad. The subpoena requires BOA to produce "[c]opies of all bank statements, deposited items, cancelled check and the like" related to an account held by Ms. Speer and "[c]opies of all bank statements, deposited items, and cashed checks" related to accounts held by seven non-debtor LLCs.  (ECF No. 17-1) at 18. The bankruptcy court correctly concluded that documents of this nature are well within the scope of discovery permitted by Rule 26.

    Accordingly, the bankruptcy court's order denying the motion to quash and its order denying reconsideration are hereby affirmed.  The Clerk may close the case.

    So ordered.

/s/ RNC
Robert N. Chatigny
United States District Judge